**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ORLANDUS CALHOUN, *et al.*,

    Plaintiffs,

v.                                                                  Case No. 21-10476

HEIDI WASHINGTON, *et al.*,

    Defendants.
                                                                    /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFFS EXCEPT PLAINTIFF CALHOUN, DENYING PLAINTIFF CALHOUN'S MOTION FOR COUNSEL, DENYING PLAINTIFF CALHOUN'S MOTION FOR CLASS CERTIFICATION, AND DIRECTING PLAINTIFF CALHOUN TO FILE AN AMENDED COMPLAINT**

This is a prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiffs are fifty-six prisoners confined at the Saginaw Correctional Facility in Freeland, Michigan. Their complaint alleges that the Michigan Department of Corrections ("MDOC") is taking inadequate steps to protect them from the Coronavirus Disease ("COVID-19").

For the reasons that follow, the court will sever lead Plaintiff Orlandus Calhoun's case from the remaining Plaintiffs. The court will dismiss the remaining Plaintiffs' claims without prejudice. Further, the court will deny Plaintiff Calhoun's motion for the appointment of counsel and for class certification. (ECF Nos. 4, 5.) Finally, the court will direct Plaintiff Calhoun to file an amended complaint that excises the remaining Plaintiffs and alleges only claims that pertain to him.

## I.  DISCUSSION

Dismissal without prejudice of all Plaintiffs except Plaintiff Calhoun is justified on several grounds.  First, only two Plaintiffs filed a signed application to proceed *in forma pauperis*, and only one Plaintiff paid a portion of the $350.00 filing fee or the $52.00 administrative fee. (*See* ECF Nos. 22, 26.)

The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners with the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).  Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit suggested that fees and costs should be divided equally in such cases between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F.3d at 1137-38.[1]

---

[1]  Although some courts in this district have relied on the administrative order in *In Re Prison Litigation Reform Act* for the rule that the filing fee should be apportioned between multiple prisoner plaintiffs, e.g., *Williams v. Lafler*, No. 08-13821, 2009 WL 87004, at *1 (E.D. Mich. Jan.12, 2009), *Coleman v. Granholm*, No. 06-12485, 2007 WL 1011662, at *2 (E.D. Mich. Mar. 29, 2007), other district courts within the Sixth Circuit have concluded that, since the Sixth Circuit's administrative order "did not consider the impact of Fed. R. Civ. P. 20 on implementation of the PLRA [or the fact that] the PLRA was designed to make prisoners feel the deterrent effect of the filing fee," courts should conclude that "each separate plaintiff is individually responsible for a full filing fee." *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at *6 (E.D. Ky. May 5, 2005); *Lawson v. Sizemore*, No. A.05-CV-108-KKC, 2005 WL 1514310, at *1 n.1 (E.D. Ky. June 24, 2005).  Other circuits have held that each prisoner in a multiple prisoner plaintiff action is required to pay the entire filing fee rather than having the fee apportioned among many prisoners. *See, e.g.*, *Hagan v. Rogers*, 570 F.3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v.*

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a).  If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997).  If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

After the complaint was filed, no Plaintiff filed an application to proceed *in forma pauperis* or the required supporting documentation; the complaint was deficient.  On March 11, 2021, Magistrate Judge R. Steven Whalen ordered Plaintiffs to correct the deficiency by April 12, 2021. (ECF No. 6.)  So far, only two Plaintiffs have supplied the court with a signed application to proceed without prepayment of fees and costs. (ECF Nos. 22, 26.)  One Plaintiff paid his portion of the filing fee. The March 11 order of deficiency came back undeliverable with respect to eleven plaintiffs because the inmate numbers provided in the complaint were incorrect. (ECF Nos. 8-18, 20.)

If any Plaintiff had filed an individual complaint with the above-mentioned deficiencies, it is unlikely that significant issues would have arisen from resolving the deficiencies.  The personal information filed in an individual complaint is far more likely

---

*Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).  The Sixth Circuit's approach "creates difficult problems of apportionment when some plaintiffs have funds in their trust accounts, others do not, and still others have 'struck out' under § 1915(g) and can no longer proceed *in forma pauperis*." *Boriboune*, 391 F.3d at 855.

to have correct contact information than a single complaint filed on behalf of fifty-six *pro se* prisoners.   Furthermore, after mailing the deficiency order in an individually filed case, the procedure the court follows is strait forward. If a prisoner corrected the deficiencies, the case would proceed. If the prisoner did not correct the deficiencies, the complaint would be dismissed. With over fifty Plaintiffs, there is a real possibility that some Plaintiffs will be prejudiced with delays while other Plaintiffs attempt to correct deficiencies at different times and at different rates.

In addition, almost half of Plaintiffs failed to sign the complaint. (*See* ECF No. 1, PageID.48-51.) Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented."  Further, under Rule 11, a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." A prisoner cannot sign a pleading on behalf of another prisoner. *See Mattingly v. Famers State Bank*, 153 F.3d 336, 337 (6th Cir. 1998) (reviewing signature requirements under Rule 11(a) and holding that if a legal paper "is not personally signed by a pro se [party], it must be signed by a qualified attorney on behalf of the lay party"); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quotations removed) ("Because pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause."); *Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings).

4

Finally, even if Plaintiffs' claims are somehow related, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by [Federal Rule of Civil Procedure] 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.) (citing *Boretsky v. Corzine,* Case No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008)) (adopting magistrate judge's report).  Problems arising from such litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (quoting *Boretsky,* 2008 WL 2512916, at * 5).  The difficulties, and risks, of gathering prisoners together in close quarters have no doubt increased after the outbreak of COVID-19.

Further, allowing multiple prisoner-plaintiffs to proceed in a single action also "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Proctor,* 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 2008 WL 680203, * 1 (E.D. Wis. March 10, 2008)).  Cases with multiple prisoners as plaintiffs can often lead to the plaintiffs filing pleadings on behalf of the other plaintiffs without their consent. *Id*.  In addition, "jail populations are notably transitory, making joint litigation difficult." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *5); *see also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D. Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action.").  Other courts have pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of

5

administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor,* 661 F. Supp. 2d at 780 (quoting *Boretsky*, 2008 WL 2512916, at *6).  Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *6).

The court can dismiss misjoined parties from an action, but misjoinder is generally not sufficient to dismiss an entire case. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed. R. Civ. P. 21).  Thus, the best option available to the court is to sever Plaintiff Calhoun's case from the other Plaintiffs' cases. The court will dismiss the remaining fifty-five Plaintiffs without prejudice. Plaintiffs dismissed from this action have the option to file their individual claims at a later time in separate complaints.

Plaintiff Calhoun appears to be seeking to represent the remaining Plaintiffs as part of a class action suit.  Plaintiff Calhoun filed a "Motion for Certification of Class Action" on February 9, 2021. (ECF No. 5.)  The court will deny any request by Plaintiff Calhoun or any other Plaintiff in this case to file a class action.  None of these *pro se* Plaintiffs can adequately protect the interests of a class.  Numerous cases have held that a prisoner proceeding *pro se* cannot represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001); *Craig v. Cohn,* 80 F. Supp. 2d 944, 956 (N.D. Ind. 2000); *Caputo v. Fauver,* 800 F. Supp. 168, 169 (D.N.J. 1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988).  Thus, the court will deny Plaintiff Calhoun's motion for class certification.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases . . .

[t]he court should freely give leave [to amend] when justice so requires."  A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* (IFP) suits. See *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  Accordingly, the court will provide Plaintiff Calhoun thirty days from the date of this order to file an amended complaint.  The amended complaint must excise the remaining Plaintiffs dismissed from this lawsuit and allege facts and constitutional violations that pertain only to Plaintiff Calhoun.

The court will also deny Plaintiff Calhoun's motion for the appointment of counsel.  (ECF No. 4.)  Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995).  A plaintiff does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996).  The motion for appointment of counsel will be denied.

## II. CONCLUSION

IT IS ORDERED that Plaintiffs' claims, except the claims of Plaintiff Calhoun, are DISMISSED WITHOUT PREJUDICE.  Plaintiff Calhoun remains a party to this lawsuit.

IT IS FURTHER ORDERED that Plaintiff Calhoun's Motion for Appointment of Counsel (ECF No. 4) and his Motion for Class Certification (ECF No. 5) are DENIED**.**

Finally, IT IS ORDERED that Plaintiff Calhoun must file an amended complaint by **May 12, 2021,** that excises the remaining Plaintiffs and addresses only those constitutional violations which pertain to Plaintiff Calhoun.

                                          s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 13, 2021, by electronic and/or ordinary mail.

                                          s/ Lisa Bartlett for Lisa Wagner     /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-10476.CALHOUN.DismissalWithoutPrejudiceExceptCalhoun.DB.RMK.1.docx