# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ORLANDUS CALHOUN, et. al.,

    Plaintiffs,

v.                                        Case No. 3:21-CV-10476

HEIDI WASHINGTON, et. al.,

    Defendants,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT**

Before the court is Plaintiff Orlandus Calhoun's civil rights complaint filed under 42 U.S.C. § 1983. For the reasons stated below, the complaint is dismissed without prejudice because Plaintiff failed to comply with the order to show cause and the order to correct deficiencies in his application to proceed without prepayment of fees and costs.

Plaintiff was originally ordered by the court on April 13, 2021 to file an amended complaint and was given until May 12, 2021 to file the amended complaint. (ECF No. 29). On June 18, 2021, the court ordered Plaintiff to show cause why his case should not be dismissed based on Plaintiff's failure to prosecute his case by timely filing his amended complaint. Plaintiff was given until July 17,2021 to either file his amended complaint or to otherwise respond to the order to show cause. (ECF No. 69). To date, Plaintiff has done neither.

Plaintiff was also informed by the court on June 18, 2021 that his application to proceed without prepayment of fees and costs was deficient because it lacked an

1

authorization to withdraw funds from his prison account, an updated certification of his trust account from an authorized prison or jail official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months within thirty days of this court's order. The court gave Plaintiff until July 17, 2021 to provide this documentation to the court. In the alternative, Plaintiff was given until that date to pay the $350.00 filing fee plus the $52.00 administrative fee. (ECF No. 69). Plaintiff has neither provided this court with the requisite documentation nor paid the filing fee.

This court may dismiss a civil action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 of the Eastern District of Michigan. *Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001). The court notified Plaintiff in the June 18, 2021 show cause order that the case would be dismissed if Plaintiff did not file an amended complaint or respond to the order to show cause by July 17, 2021. After failing to prosecute the case or to respond to this court's order, Plaintiff's case shall be dismissed. *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012).

Plaintiff's case is also subject to dismissal because he failed to correct the filing fee deficiencies. Plaintiff's application to proceed without prepayment of fees and costs is deficient because he failed to file an authorization to withdraw funds. *See Lindsey v. Roman,* 408 F. App'x. 530, 533 (3rd Cir. 2010). In addition, Plaintiff failed to provide the court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Although Plaintiff did provide a certificate signed by his custodian, that certificate was

signed on January 14, 2021 and is now outdated.  It also lacks the necessary computerized trust statement of account to verify the information in the certificate.

Title 28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each jail or prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605.  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be dismissed for want of prosecution. *Id.*  If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Plaintiff failed to correct the deficiency order by providing the court with a certified account statement and a copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).  The complaint will dismissed without prejudice for want of prosecution; Plaintiff failed to

comply with the deficiency order. *See e.g. Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004).  Accordingly,

IT IS ORDERED that the case is dismissed without prejudice.  Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

                                              s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                   /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\21-10476.CALHOUN.Dismissal.db.chd.docx